December 10, 2012

Dear Judge and Counsel:

I am extremely worried about how my case has been handled, and I feel at this point, I would like to make a motion for a substitution of counsel.

From my first meeting with counsel, I have emphasized that the evidence against me needs to be scrutinized and verified. My adamancy about the need for *independent* investigation, beyond that of what the prosecution is willing to give right now, is not borne of a vain hope to find loopholes in the evidence or the law that will get me off for crimes that I've committed. Rather, it is because, as I have told you, **I did NOT start the fires in Ellis or at Stephen's college**. I am desperate for help in proving this.

The thought of five years in prison - any prison, at any security level - is terrifying for me. But if prison time for crimes I didn't commit is a reality that is in my future, I want to face it knowing that an earnest, adversarial investigation was done. Instead, counsel's emails and face-to-face communications has repeatedly outlined my guilt by using language more suited to a prosecutor, including saying I knocked down the cameras with a steel poles, which I've emphasized I did not do. Furthermore, I have many documented instances of counsel misquoting or misunderstanding evidence, despite my correcting him of the facts of the discovery.

The information counsel has been willing to give me regarding the evidence seems incomplete - including why the feces could not be tested, or who lost of threw away that DNA evidence, and who allowed the tapes from the library to be taped over, and when. I have called on my private attorney, and then you, to try to sopena those tapes, and the DNA evidence, and many other pieces of evidence, from the very beginning, including counsel's reassurance that he would use official channels to request all footage in October. Now, what I have feared the whole time has comes true: a year has passed, and I find out - only days before counsel's imposed deadline to tell him if I'm going to trial or not - that the tapes "may not exist."

In the following pages I have enumerated grievances and inconsistencies regarding what I've been promised and what has actually come to fruition. I understand that it is not counsel's job to believe I am innocent. He has made it clear in his correspondence that he very much believes that I am guilty. But I do have a right to a true, thorough investigation of my case by my defense team, under the presumption of my innocence. A 3-month-late attempt at trying to secure video footage evidence and a complete lack of communication as to the status of evidence requests and prosecutorial communication does not seem like a good faith effort to me.

I want to do this quickly and painlessly. I want to get on with the case and a true investigation. I have NO desire to cause huge delays in the case. Please note that I am willing to drive to Kansas City for my attorney meetings, if that is what needs to be done.

Please advise on how to move forward speedily and efficiently.

Sincerely,


Christopher Kelley

# Investigating DNA evidence:

*Police collected human feces at the crime scene while investigating an arson for which I am charged. I informed counsel that the feces is not mine and, if tested, the DNA within the feces could be used to cast doubt on the police's assertion that I was the only person to enter the library after closing hours.*

*Counsel originally informed me that the feces was collected and preserved, so I requested that he get the DNA from it tested, and counsel agreed to do so. Over a month passed and counsel did not update me about the DNA evidence. When asked about it, counsel stated that the feces was in fact not preserved, but did not divulge how or when he came about that information even when directly asked. Counsel failed to keep me updated about this exculpatory evidence and continues to not divulge his source of information.*

> **Oct. 9 meeting, Stabenow says:**
> "They kept the poop. They have not DNA tested it. They will if I request it." (Stabenow, 39:03)
>
> "We've reached a point now where we can start to pick up speed. I'll go do an evidence view with Greg, and we'll request the camera stuff, and the DNA. And we'll take it from there." (Stabenow, 48:37)
>
> **Nov. 26 meeting, Stabenow says:**
> "The feces I'm really not caring about." (Stabenow, 22:41)
>
> **Nov. 28 email, Kelley writes:**
> "I request all correspondence, discovery, orders filed and received, regarding my case [...] I am especially interested in seeing the results of the DNA test that I requested in an email on Oct. 10 after we discussed it in a meeting the day before."
>
> **Nov. 30 email, Stabenow writes:**
> "The feces in this case was not preserved. To the best of my knowledge, no DNA testing has been completed in this case."
>
> **Dec. 3 email, Kelley writes:**
> What happened to the feces? Who last possessed it? What is your source on information?
>
> **Dec. 4 email, Stabenow writes:**
> "The feces was not preserved. Period."

## Investigating video evidence:

*The prosecution is using video evidence to suggest I was present minutes before the smoke detectors activate. The prosecution insists that no other person appears on any footage after closing hours and therefore committed the arson, but since the fire alarms sounded at 3:28 AM and two witnesses attest that I was home at 3:30 AM, I requested that counsel to obtain the entirety of the footage.*

*Counsel first agrees to request all footage from all cameras present at the site. Counsel then has informal conversations with members of law enforcement and later tells me that the rest of the potentially exculpatory footage does not exist and that law enforcement and the prosecution state that only the footage being used against me remains. At least 14 hours of video evidence were lost or destoryed. Counsel states that the loss of this exculpatory evidence is not significant enough for him to file a motion to suppress the evidence. No motion was made to preserve evidence.*

    **Oct. 9 meeting, Stabenow says:**

        "I'll have to through the prosecutors and say 'Look, we want the maintenance records on the cameras, we want all the images, even the ones that have no value at all, I want to see all of it.'" (Stabenow, 47:23)

        "We have to validate that the cameras are set to the correct time, that they aren't an hour forward or whatever, and we'll work on that." (Stabenow 57:28)

        "I will pursue those records. I will pursue them." (Stabenow, 36:53)

    **Nov. 26 meeting, Stabenow says:**
        "The only video camera footage I have right now is focused on you. I will get the hours of it focusing on nothing." (Stabenow 27:21)

        "Right now I have not personally seen the footage through the cop arriving. I just know through the ATF agent that the government has seen the footage…
(Stabenow 27:51)

    **Dec 3. email, Kelley writes:**
        I would just like to confirm that you have received and viewed the new footage from the prosecutor, as I remember you said that this material would be the focus of our next meeting and you would call me after you received and viewed it.
(Kelley, 4:00 PM)

    **Dec. 3 email, Stabenow writes:**
        I discussed the issue with the ATF yesterday and today. Apparently, the officers screened the videos, but only made copies of the material that had a person in it. [...] At this point, the only video they have is the one of you. (Stabenow, 4:07 PM)

2        Christopher Kelley – Conference for Substitution of Counsel
December 10, 2012

Case 2:12-cr-04043-BP   Document 22   Filed 12/10/12   Page 3 of 8

**Dec. 3 email, Kelley writes:**
> What was the source for your belief that you would be receiving footage on Wednesday? And what was the context regarding your interactions with the ATF today and yesterday? (Kelley, 11:44 PM)

**Dec. 4 email, Stabenow writes:**
> You are not paying attention to what I am telling you about the videos. We have used appropriate means to attempt to secure the raw footage. It is not currently available. [...] If the rest of the raw footage was lost, that would not result in a motion to suppress. (Stabenow, 9:46 AM)

Christopher Kelley – Conference for Substitution of Counsel
December 10, 2012

3

Case 2:12-cr-04043-BP   Document 22   Filed 12/10/12   Page 4 of 8

# Breakdown in communication:

*After several miscommunications with counsel, about evidence, procedures, etc., I attempted to gain a better understanding of my case by requesting that counsel provide me with documentation of his correspondences with law enforcement and members of the prosecution in addition to records of his investigations and pursuit of evidence. Despite multiple requests, counsel has failed to provide record of any filings, orders, motions, or record of correspondences with law enforcement or the prosecution in formal or informal capacities.*

> **Nov. 28 email, Kelley writes:**
>
> I request all correspondence, discovery, orders filed and received, regarding my case that I am, as client and defendant, legally entitled to. This includes but is not limited to requests for evidence, phone conversations, all interaction with the prosecution, etc.
>
> **Nov. 30 email, Stabenow writes:**
> I will provide you all the materials you are entitled to receive. […] I decline to change my procedure in order to create detailed notes for you of every interaction I have with every other person during your case.
>
> **Dec. 3 email, Kelley writes:**
> Conversations with the prosecution and law enforcement (such as the ATF) have always been relayed to me after they have occurred, which has left me consistently in the dark.
>
> Have you had any interactions with the prosecution or potential witnesses for the prosecution (such as the ATF or other law enforcement) regarding my case that are undocumented?
>
> **Dec. 4 email, Stabenow writes:**
> It would be very odd indeed if I related to you conversations I had with the government before they occurred, or even contemporaneous to their occurrence.
>
> **Dec. 7 email, Kelley writes:**
> I want to be able to track where requests are on various pieces of evidence. It's very important to me.
>
> Please provide me with the documents and records including your correspondences with law enforcement and the prosecution. If you need me to come down and pick up the records of your correspondences in person please let me know.
>
> **Dec. 7 email, Stabenow writes:**

My interaction with the prosecutor and case agent takes place in person, or by phone. It is not my practice to prepare a detailed report of each […] and I do not intend to undertake such a practice. I have told you this on several occasions. That is my response to your request.

## Other issues:

*I had been the client of counsel for three months, yet counsel had not even examined/calculated the base offense level for my charges, which he admitted is the first step in looking into my case:*

> **Oct. 9 meeting, Stabenow says:**
> What you get is something that we call the "base offense level." That is - for your crime, and what you did, and all the factors in what you did, here is what the offense level is. Now, I haven't run yours yet, we're going to run it together in a couple minutes. But let's just pretend it's a 24. (Stabenow, 6:55)

*Counsel displays deficiency of professionalism:*

> **Dec. 4 email, Kelley writes:**
> For our next meeting I'll require the results of the investigations by you and Greg.
>
> **Dec. 4 email, Stabenow writes:**
> You may request; you may not require. I am your attorney, not your servant.

*Counsel displays another deficiency of professionalism in response to my request to file motions:*

> **Dec. 7 email, Stabenow writes:**
> Chris, this is not television, or some back-country county courthouse. In the federal system, we do not file frivolous motions that waste the time of a judge appointed by the President and confirmed by the Senate.

*Counsel advocates the perspective of the prosecution:*

> **Dec. 4 email, Kelley writes:**
> You say that I used the steel pole to destroy the cameras? I reviewed the tapes today. You said there was no footage from the destroyed cameras. There is, I watched it today. It does not show me destroying them.
>
> **Dec. 4 email, Stabenow writes:**
> You are entitled to competent representation. That does not mean you are entitled to a lawyer who believes you are innocent. […] You broke into the library. You entered the area where the fires were started. You are seen entering the area with a metal pole. While there, you used a pole to break the video cameras (that you saw). You were in the room for over 10 minutes.

# Requests for substitution of counsel and claim of ineffective assistance of counsel:

**Dec. 5 email, Kelley writes:**

> The purpose of this email is to request your assistance and guidance in obtaining a substitution of counsel.
>
> I realize that there may be other avenues available to me as a client to achieve this motion, but I thought it would be proper to communicate this matter to you first.
>
> If for any reason you are unable to support this request, please let me know why by emailing me at christophercurtiskelley@gmail.com or by letter to my home address:
>
> Christopher C. Kelley
> 506 N. William St. Apt. B
> Columbia, MO 65201
>
> If there is anything that I need to do to assist you with this matter do not hesitate to contact me. Thank you for your time in helping me with this.
>
> Sincerely,
>
> Christopher C. Kelley

**Dec. 5 email, Kelley writes:**

> The purpose of this email is to request your assistance and guidance in making a claim of ineffective assistance of counsel.
>
> I realize that there may be other avenues available to me as a client to achieve this motion, but I thought it would be proper to communicate this matter to you first.
>
> If for any reason you are unable to support this request, please let me know why by emailing me at christophercurtiskelley@gmail.com or by letter to my home address:
>
> Christopher C. Kelley
> 506 N. William St. Apt. B
> Columbia, MO 65201
>
> If there is anything that I need to do to assist you with this matter do not hesitate to contact me. Thank you for your time in helping me with this. […]
>
> Sincerely,
>
> Christopher C. Kelley

Christopher Kelley – Conference for Substitution of Counsel   7
December 10, 2012

Case 2:12-cr-04043-BP   Document 22   Filed 12/10/12   Page 8 of 8