IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 12-04043-01-CR-C-BP |
| | ) | |
| CHRISTOPHER CURTIS KELLEY | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Comes now Defendant, Christopher Curtis Kelley, by counsel, and submits

herewith proposed instructions to be delivered to the jury at the trial of the above cause.

All forms that used the phrase "the defendant" have been modified, as much as

reasonably possible, to use the more neutral "Mr. Kelley" in order to avoid any

connotation of guilt.

Respectfully submitted,

*/s/ Troy K. Stabenow*
**TROY K. STABENOW, #** 57067
Assistant Federal Public Defender
221 Bolivar Street, Suite 104
Jefferson City, Missouri 65101
(573) 636-8747
Attorney for Defendant

April 15, 2013

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of April, 2013, the foregoing document was electronically filed to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all parties.

/s/ *Troy K. Stabenow*
**TROY K. STABENOW**

# INSTRUCTION NO. _____

Ladies and gentlemen:  I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I shall give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a criminal case, brought against Mr. Kelley by the United States Government.  Mr. Kelley is charged with two counts of arson.  These charges are set forth in what is called an indictment.  You should understand that an indictment is simply an accusation.  It is not evidence of anything.  Mr. Kelley has pleaded not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether Mr. Kelley is guilty or not guilty of the crime charged.  From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only Mr. Kelley, not anyone else, is on trial here, and that Mr. Kelley is on trial only for the crimes charged, not for anything else.


Proposed Instruction No. 1

Source:      Instruction No. 1.01, Model Criminal Jury Instructions for the Eighth Circuit (2012 Edition)(Modified)

Title:       General: Nature of Case; Nature of Indictment; Burden of Proof; Presumption of Innocence; Duty of Jury; Cautionary (Preliminary Instructions)

***Submitted by Christopher Curtis Kelley***

**INSTRUCTION NO. _____**

In order to help you follow the evidence, I will now give you a brief summary of the elements of which the Government must prove beyond a reasonable doubt to make its case.

As to Count I, these are:

*One*, on or about May 18, 2011, Mr. Kelley maliciously damaged a Stephen's College building located at 1400 Windsor Street;

*Two*, by fire; and

*Three,* at the time of the fire, the building was being used in interstate commerce.

As to Count II, these are:

*One*, on or about September 10, 2011, Mr. Kelley maliciously damaged the Ellis Library building at the University of Missouri;

*Two*, by fire, and

*Three,* at the time of the fire, the building was being used in interstate commerce. You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I shall give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

Proposed Instruction No. 2

Source:        Instruction No. 1.02 and Elements of Offenses No. 6.18.2113(a) Model Criminal
               Jury Instructions for the Eighth Circuit (2012 Edition)(Modified)

Title:         Elements of the Offense (Preliminary Instructions)

*Submitted by Christopher Curtis Kelley*

# INSTRUCTION NO. ____

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated--that is, formally agreed to by the parties, and any facts that have been judicially noticed--that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I shall list those things for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law

makes no distinction between direct and circumstantial evidence. You should give all evidence

the weight and value you believe it is entitled to receive.


Proposed Instruction No. 3

Source:        Instruction No. 1.03, Model Criminal Jury Instructions for the Eighth Circuit (2012
               Edition)

Title:         Evidence; Limitations (Preliminary Instructions)

***Submitted by Christopher Curtis Kelley***

**INSTRUCTION NO. _____**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Proposed Instruction No. 4

Source:     Instructions No. 1.05 and 3.04, Model Criminal Jury Instructions for the Eighth Circuit (2012 Edition)

Title:      Credibility of Witnesses (Preliminary Instructions)

***Submitted by Christopher Curtis Kelley***

**INSTRUCTION NO. \_\_\_\_**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read or play back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and will not be read by anyone.

Proposed Instruction No. 5

Source:      Instruction No. 1.06, Model Criminal Jury Instructions for the Eighth Circuit (2012 Edition)

Title:       No Transcript Available  (Preliminary Instructions)

*Submitted by Christopher Curtis Kelley*

**INSTRUCTION NO. \_\_\_\_**

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Proposed Instruction No. 6

Source:      Instruction No. 1.07, Model Criminal Jury Instructions for the Eighth Circuit (2012 Edition)

Title:        Bench Conferences and Recesses (Preliminary Instructions)

***Submitted by Christopher Curtis Kelley***

## INSTRUCTION NO. ____

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to the [bailiff] [deputy clerk]. (Describe person.)

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think

they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to

anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about

the case or about anyone involved with it. [In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.] I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict. The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. [Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.]

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Proposed Instruction No. 7

Source:          Instruction No. 1.08, Model Criminal Jury Instructions for the Eighth Circuit (2012
                 Edition)

Title:           Conduct of the Jury (Preliminary Instructions)

***Submitted by Christopher Curtis Kelley***

# INSTRUCTION NO. _____

The trial will proceed in the following manner:

First, the Government attorney will make an opening statement.  Next Mr. Kelley's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Government will then present its evidence and counsel for Mr. Kelley may cross-examine.  Following the Government's case, Mr. Kelley may, but does not have to, present evidence, testify or call other witnesses.  If Mr. Kelley calls witnesses, the Government counsel may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  As with opening statements, closing arguments are not evidence.  The court will instruct you further on the law.  After that you will retire to deliberate on your verdict.


Proposed Instruction No. 8

Source:          Instruction No. 1.09, Model Criminal Jury Instructions for the Eighth Circuit (2012 Edition)(Modified)

Title:           Outline of Trial (Preliminary Instructions)

***Submitted by Christopher Curtis Kelley***

**INSTRUCTION NO. _____**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Proposed Instruction No. 9

Source:      Instruction No. 2.01, Model Criminal Jury Instructions for the Eighth Circuit (2012 Edition)

Title:       Duties of Jury: Recesses (For Use During Trial Instructions)

***Submitted by Christopher Curtis Kelley***

**INSTRUCTION NO. \_\_\_\_**

The Government and Mr. Kelley have stipulated – that is, they have agreed – that certain

facts are as counsel have just stated. You must therefore treat those facts as having been proved.


Proposed Instruction No. 10

Source:         Instruction No. 2.03, Model Criminal Jury Instructions for the Eighth Circuit (2012
                Edition)

Title:          Stipulated Facts (For Use During Trial Instructions)

***Submitted by Christopher Curtis Kelley***

**INSTRUCTION NO. _____**

You have heard testimony that the defendant, Christopher Curtis Kelley, made a

statement(s) to _____.  It is for you to decide:

First, whether Christopher Curtis Kelley, made the statement(s) and

Second, if so, how much weight you should give to it(them).

In making these two decisions you should consider all of the evidence, including the

circumstances under which the statement(s) may have been made.


Proposed Instruction No. 11

Source:          Instruction No. 2.07, Model Criminal Jury Instructions for the Eighth Circuit (2012
                 Edition)

Title:           Statement by Defendant (Instructions for Use During Trial)

***Submitted by Christopher Curtis Kelley***

**INSTRUCTION NO. _____**

You [are about to hear] [have heard] evidence that the defendant (describe evidence the jury is about to hear or has heard).  You may consider this evidence only if you (unanimously) find it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.  This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it to help you decide (describe purpose under 404(b) for which evidence has been admitted.)  You should give it the weight and value you believe it is entitled to receive.  If you find that this evidence has not been proved, you must disregard it.

Remember, even if you find that the defendant may have committed [a] similar [act] [acts] in the past, this is not evidence that [he] [she] committed such an act in this case.  You may not convict a person simply because you believe [he] [she] may have committed similar acts in the past.  The defendant is on trial only for the crime[s] charged, and you may consider the evidence of prior acts only on the issue[s] stated above.

Proposed Instruction No. 12

Source:          Instruction No. 2.08, Model Criminal Jury Instructions for the Eighth Circuit (2012
                 Edition)

Title:           Statement by Defendant (Instructions for Use During Trial)

***Submitted by Christopher Curtis Kelley***

## INSTRUCTION NO. _____

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion. Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Proposed Instruction No. 13

Source:      Instruction No. 4.10, Model Criminal Jury Instructions for the Eighth Circuit (2012
             Edition)

Title:       Opinion Evidence - Expert Witnesses

***Submitted by Christopher Curtis Kelley***

**INSTRUCTION NO. \_\_\_\_**

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.


Proposed Instruction No. 14

Source:        Instruction No. 3.01, Model Criminal Jury Instructions for the Eighth Circuit (2012
                   Edition)

Title:          Introduction (Final Instructions for Use in Every Trial)

***Submitted by Christopher Curtis Kelley***

**INSTRUCTION NO. \_\_\_\_**


It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.


Proposed Instruction No. 15

Source:        Instruction No. 3.02, Model Criminal Jury Instructions for the Eighth Circuit (2012 Edition)

Title:          Duty of Jury (Final Instructions for Use in Every Trial)

***Submitted by Christopher Curtis Kelley***

## INSTRUCTION NO. ____

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated -- that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

l.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.      Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Proposed Instruction No. 16

Source:      Instruction No. 3.03, Model Criminal Jury Instructions for the Eighth Circuit (2012 Edition)

Title:       Evidence; Limitations(Final Instructions for Use in Every Trial)

***Submitted by Christopher Curtis Kelley***

## INSTRUCTION NO. _____

The indictment in this case charges Christopher Curtis Kelley with two different crimes. Count One of the indictment charges that about May 18, 2011, Mr. Kelley maliciously damaged, by means of fire, a Stephens College building at 1400 Windsor Street in Columbia, Missouri that was being used in interstate commerce. Count Two of the indictment charges that about September 10, 2011, Mr. Kelley maliciously damaged, also by means of fire, the Ellis Library at the University of Missouri in Columba, Missouri, and that the Ellis Library was being used in interstate commerce.

Mr. Kelley has pled not guilty to each of these charges.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, Mr. Kelley is presumed to be innocent. Thus Mr. Kelley, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find Mr. Kelley not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each essential element of the crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a verdict for each count.

There is no burden upon Mr. Kelley to prove that he is innocent. Instead, the burden of proof remains on the Government throughout the trial.

Proposed Instruction No. 17

Source:        Instruction No. 3.06, Model Criminal Jury Instructions for the Eighth Circuit (2012 Edition)(Modified)

Title:        Description of Charge; Indictment Not Evidence; Presumption of Innocence;

Burden of Proof (Single Defendant, Multiple Count); (Final Instructions for Use in Every Trial)

*Submitted by Christopher Curtis Kelley*

**INSTRUCTION NO. _____**

Mr. Kelley may be convicted based only on evidence before the court, not on evidence of a general criminal disposition. Each offense must stand on its own and you must keep the evidence of each offense separate. Stated differently, if you come to believe that Mr. Kelley is guilty of one offense, you may not use that finding or belief as a basis for inferring, assuming, or proving that he committed any other offense.

If evidence was presented which was relevant to more than one offense, you may consider that evidence with respect to each offense to which it is relevant. For example, if a person were charged with both stealing a knife and using that same knife to commit an assault, evidence concerning the knife, for example, that the defendant was arrested carrying the knife, could be considered with regard to both the theft and assault. But the fact that the person's guilt of stealing the knife may have been proven would not be evidence that the person was also someone who should be found guilty of the assault.

The burden is on the prosecution to prove each and every element of each offense beyond a reasonable doubt. Proof of one offense carries with it no inference that the accused is guilty of any other offense.

Proposed Instruction No. 18

Source:      Instruction 7-17, Military Judge's Benchbook (2010 Edition)(Modified)

Title:       "Spillover" - Facts of One Charged Offense to Prove Another,

***Submitted by Christopher Curtis Kelley***

**INSTRUCTION NO. __ ____**

The crime of arson as charged in Count One of the indictment, has three essential elements, which are:

*One*, on or about May 18, 2011, Mr. Kelley maliciously damaged a classroom building located at 1400 Windsor Street, Columbia Missouri, on the Stephens College Campus;

*Two*, by fire; and

*Three*, at the time of the fire, the classroom building was used in interstate commerce or was used in an activity affecting interstate commerce.

"Interstate commerce" means business or trade taking place between people or entities located in two or more states, or between people and entities in the United States and other counties. The Government must prove that the property was actually used for a function involving or affecting interstate or foreign commerce. Property "used in an activity affecting interstate commerce" means active use of the property for a real commercial purpose, not just a passive, passing, or past connection to this sort of trade.

To act maliciously means to act with the intent that, or with willful disregard of, the likelihood that damage or injury would result.

For you to find Mr. Kelley guilty of the crime charged in Count One, the government must prove all these elements beyond a reasonable doubt, otherwise you must find the defendant not guilty of the crime charged in Count One.


Proposed Instruction No. 19

Source:        Instruction No. 3.09 and Elements of Offenses No. 6.18.844, Model Criminal Jury
                   Instructions for the Eighth Circuit (2012 Edition)(Modified);

Title:          Elements of the Offense; Burden of Proof (Final Instructions for Use in Every
                Trial)

***Submitted by Christopher Curtis Kelley***

## INSTRUCTION NO. _____

The crime of arson as charged in Count Two of the indictment, has three essential elements, which are:

*One*, on or about September 10, 2011, Mr. Kelley maliciously damaged the Ellis Library building at the University of Missouri in Columbia, Missouri;

*Two*, by fire; and

*Three*, at the time of the fire, the Ellis Library was used in interstate commerce or was used in an activity affecting interstate commerce.

"Interstate commerce" means business or trade taking place between people or entities located in two or more states, or between people and entities in the United States and other counties. The Government must prove that the property was actually used for a function involving or affecting interstate or foreign commerce. Property "used in an activity affecting interstate commerce" means active use of the property for a real commercial purpose, not just a passive, passing, or past connection to this sort of trade.

To act maliciously means to act with the intent that, or with willful disregard of, the likelihood that damage or injury would result.

For you to find Mr. Kelley guilty of the crime charged in Count One, the government must prove all these elements beyond a reasonable doubt, otherwise you must find the defendant not guilty of the crime charged in Count One. .

Proposed Instruction No. 20

Source:　　　Instruction No. 3.09 and Elements of Offenses No. 6.18.922, Model Criminal Jury Instructions for the Eighth Circuit (2011 Edition)(Modified);

Title:       Elements of the Offense; Burden of Proof (Final Instructions for Use in Every Trial)

*Submitted by Christopher Curtis Kelley*

**INSTRUCTION NO. _____**

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable may arise from careful and impartial consideration of all the evidence, or lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.


Proposed Instruction No. 21

Source:        Instruction No. 3.11, Model Criminal Jury Instructions for the Eighth Circuit (2013 Edition)

Title:          Reasonable Doubt (Final Instructions for Use in Every Trial)

***Submitted by Christopher Curtis Kelley***

## INSTRUCTION NO. _____

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if Mr. Kelley is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have

given to you in my instructions. The verdict whether guilty or not guilty must be unanimous.

Nothing I have said or done is intended to suggest what your verdict should be - that is entirely

for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this

case. The form reads:

[Read Form]

You will take this form to the jury room, and when each of you has agreed on the verdict,

your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you

are ready to return to the courtroom.

Proposed Instruction No. 22

Source:       Instruction No. 3.12, Model Criminal Jury Instructions for the Eighth Circuit (2012
              Edition)

Title:        Election of Foreperson; Duty to Deliberate; Punishment Not a Factor;
              Communications With Court; Cautionary; Verdict Form (Final Instructions for Use
              in Every Trial)

**Submitted by Christopher Curtis Kelley**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

UNITED STATES OF AMERICA,    )
                              )
                  Plaintiff,    )
vs.                         )    No. 11-04038-01-CR-C-FJG
                              )
Christopher Curtis Kelley,        )
                              )
                Defendant.   )

## VERDICT FORM

### COUNT ONE

We, the jury, find the defendant, Christopher Curtis Kelley _____ of
[not guilty/guilty]

the crime of arson as charged in Count One of the indictment.

### COUNT TWO

We, the jury, find the defendant, Christopher Curtis Kelley _____ of
[not guilty/guilty]

the crime of arson as charged in Count Two of the indictment.

_____
Foreperson

_____
Date

Proposed Instruction No. 23

Source:      Instruction No. 11.01, Model Criminal Jury Instructions for the Eighth Circuit (2012
               Edition)

Title:         Verdict Form

*Submitted by Christopher Curtis Kelley*